# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-333V

* * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| BRIAN "LARRY" ATKINS, | * | Chief Special Master Corcoran |
|  | * |  |
| Petitioner, | * | Filed: November 20, 2024 |
|  | * |  |
| v. | * |  |
|  | * |  |
| SECRETARY OF HEALTH | * |  |
| AND HUMAN SERVICES, | * |  |
|  | * |  |
| Respondent. | * |  |
|  | * |  |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Tim Rutherford McCarthy*, Nutt Law Office, Louisville, KY, for Petitioner.

*James Vincent Lopez*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On June 30, 2020, Brian "Larry" Atkins ("Petitioner") filed an amended petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-10 et seq. (Vaccine Act). Petitioner alleges that an influenza vaccine he received on October 15, 2018, caused adverse effects, including a "mass on the left deltoid." *See generally* Amended Petition. In particular, Petitioner contends that the vaccine he received was administered by a Kentucky mobile vaccination entity that was later determined to have exercised inadequate safety control over its vaccines, resulting in numerous vaccinated individuals experiencing comparable abscess injuries.

---

[1] "Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id."*

This matter was initiated at the same time as a number of related petitions brought by similarly-situated claimants and represented by the afore-referenced attorney.[2] The parties consented to resolution of entitlement in one "test case," the results of which could then be applied to the related cases. On April 25, 2024, I ruled in favor of the *Silvers* petitioner, finding that the administration of the influenza vaccine had caused him to experience a right shoulder skin abscess associated with a bacterial infection. *See Silvers v. Sec'y of Health & Hum. Servs.*, No. 20-1V, 2024 WL 2799285 (Fed. Cl. Spec. Mstr. Apr. 25, 2024).

On October 23, 2024, Respondent filed a Rule 4(c) Report in this action. *See* Respondent's Report (ECF No. 34) ("Report"). Having reviewed the evidence in this case and the *Silvers* decision, Respondent elected not to defend the case, and requested a ruling on the record. Report at 1-2.

In view of Respondent's position, and based on my own review of the record (*see* Section 13(a)(1); 42 C.F.R. § 100.3 (a)(I)), I find that Petitioner is entitled to compensation. The same reasoning set forth in *Silvers* for why compensation was appropriate therein also applies to this claim.

On or before **January 10, 2025**, parties shall file a proffer or a joint status report detailing their status in resolving damages in this matter.

Any questions may be directed to my law clerk, Alexis Franks, at alexis_franks@cfc.uscourts.gov.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[2] *See generally Silvers v. Secretary of Health and Human Services* (No. 20-1V), *Stewart v. Health and Human Services* (No. 20-19V), *Williams v. Secretary of Health and Human Services* (No. 20-1048V), *Stastny v. Secretary of Health and Human Services* (No. 20-22V), and *Williams v. Secretary of Health and Human Services* (No. 20-1120V).